## EROTOKRITOS v. VELOUSIOS.

### No. 9096.

Circuit Court of Appeals, Fifth Circuit.

June 20, 1939.

Edgar John Phillips and Harry L. Thompson, both of Clearwater, Fla., for appellant.

Charles Hamilton Ross and Fred T. Saussy, Jr., both of Tampa, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant-claimant, as owner and master of the Vessel, "Ganatos," appeals from a decree awarding libelant $598.37, for his reasonable maintenance and cure. In support of his complaint, appellant makes three points against the decree. (1) That there was a fatal variance between pleading and proof. (2) That the libelant was sick when he signed on as member of the crew, and knew that he was, and that he was not entitled therefore, to recover his maintenance and cure. (3) That the proof showing that his illness developed from a condition obtaining when he signed on, his recovery for maintenance and cure should be limited to first aid treatment, paying his hospital bills, and returning him to his home, and the allowance made here for maintenance and cure was greatly unreasonable and excessive.

We have given careful consideration to these points, as the record bears upon them. We find them without merit. The claim, that the libelant's failure to make proof of his allegation, that he was required by the captain to continue his services after he had become ill, constitutes a fatal variance, is wholly without merit. It is merely a failure of proof as to that allegation. It does not at all affect libelant's right to recover the maintenance and cure he sued for and proved himself entitled to. The claim that libelant's pleading pitched his case upon a theory of wrong-doing by the master, and his proof made out one only for maintenance and cure, will not do. For, his pleading was strictly confined to, and he only prayed a decree for, the maintenance and cure to which he was entitled.

On his second point, appellant stands no better. For, it depends upon an assumption that libelant was, when he engaged for the voyage, disabled by illness from working as a seaman, and the sickness he sued for was merely a continuation of that existing when he signed on, while the record and findings do not bear this assumption out. It was found below, we think upon ample evidence, that libelant became ill after he had entered upon the

voyage. There was no finding, nor in our opinion was there any evidence justifying one, that libelant was ill and incapacitated before he took ship.

Upon this last point, the amount of recovery allowed, we cannot find that appellant has been injured. The Commissioner, upon a careful and painstaking review of the evidence, made libelant an allowance for only the actually incurred expenses for hospitalization and cure, and for maintenance limited to a reasonable time.

So much of the charge as went for the operation was not only on its face reasonable, but it resulted in effecting a cure much sooner than mere hospitalization and medication would have done, and thus measurably reduced the total sums required to be laid out.

In short, within the principal of the controlling cases, Calmar Steamship Corporation v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993; The Bouker No. 2, 2 Cir., 241 F. 831; Martinez v. Matson Steamship Company, 5 Cir., 97 F.2d 19, the record presents merely fact issues, which after a full hearing, painstakingly and carefully conducted, have been resolved, we think correctly, against appellant. We find nothing for which the decree should be disturbed. It is affirmed.